UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| MARIE BARR, )<br>)<br>    Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | Case No.  CV414-028<br>CR410-164 |

## REPORT AND RECOMMENDATION

Marie Barr has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her federal prison sentence. (Doc. 1.[1]) Upon preliminary review under Rule 4(b) of the Rules Governing Proceedings for the United States District Courts, this case should be dismissed because the motion is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires a movant to file a § 2255 motion within

---

[1] Unless otherwise noted, citations are to the docket in Barr's civil § 2255 case, number CV414-028. "Cr. doc." refers to documents filed under her criminal case, CR410-164. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

one year of the date her judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).

On January 24, 2011, the Court sentenced Barr to 151 months' imprisonment after she pled guilty to possession with intent to distribute oxycodone and marijuana. (Cr. doc. 46.) She did not appeal the conviction, hence her conviction became "final" under § 2255 fourteen days later, on February 7, 2011. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A) & (b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . entry of either the judgment or the order being appealed"). She had one year from that date

to file her § 2255 motion. She did not file until February 13, 2014, more than two years after the limitations period expired.[2] (Doc. 1.)

For all of the reasons explained above, Barr's § 2255 motion should be **DENIED** as untimely. Her motion for an extension of time (doc. 2) is also **DENIED**. Moreover, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on

---

[2] She never explicitly asks for equitable tolling, though she has filed a separate motion for extension of time to properly prepare a motion and memorandum of points and authorities. (Doc. 2.) She explains that she is a novice in the law and she is awaiting transcripts and other papers. (*Id.*) Assuming, arguendo, that she is also implicitly seeking equitable tolling, her request would fail.

If a prisoner attempts to file outside this limitations period, a district court may still review her motion if he is entitled to equitable tolling. *San Martin v. McNeill*, 633 F.3d 1257, 1267 (11th Cir. 2011). Equitable tolling is available if the prisoner demonstrates that (1) she has pursued her rights diligently and (2) an extraordinary circumstance prevented her from timely exercising her rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Supreme Court has clarified that the prisoner must pursue her rights with "reasonable diligence, not maximum feasible diligence." *Id.* at 653 (quotations and citations omitted). Here, all that is apparent is indolence. Barr did not seek transcripts or any other papers until April 29, 2013, well outside of the one-year window. (Cr. docs. 52, 53, 54.)

appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this ___27th___ day of February, 2014.

*[signature: J.R. Smith]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA